IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 03-cv-00631-RPM

THE SORKIN, LLC,
Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

FISCHER IMAGING CORPORATION,
MORGAN NIELDS, and
LOUIS RIVELLI,

    Defendants.

---

ORDER DENYING PLAINTIFFS' MOTION FOR CLARIFICATION
OF COURT'S ORDER

---

By this court's order dated June 21, 2005, the defendants' motions to dismiss the first amended complaint were granted and this action was dismissed without prejudice. Judgment of Dismissal Without Prejudice was entered on June 21, 2005.

On July 25, 2005, the plaintiffs filed a motion pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Civ. P. 15(a), styled as a request for clarification of the order of dismissal. The plaintiffs seek an answer to the question of whether they now may file a second amended complaint. The plaintiffs note that their Memorandum of Law in Opposition to Defendants' Motions to Dismiss concluded with a request to replead if the first amended complaint was found to be deficient. In addition, the plaintiffs state that they

only recently learned of a civil action brought by the Securities and Exchange Commission against Louis Rivelli and other former officers and directors of Fischer Imaging Corporation.  The plaintiffs' motion suggests that the allegations made by the SEC it its complaint are newly discovered evidence supporting relief under Fed. R. Civ. P. 60(b) from the judgment entered in this action.

The plaintiffs have failed to present any facts that would provide a basis for altering the judgment or setting it aside.  Rule 59(e) provides, "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  The plaintiffs' motion was not filed within that time period.  The SEC's complaint is not newly discovered evidence, and the plaintiffs' recent awareness of that complaint does not entitle them to relief from the judgment under Rule 60(b).

The plaintiffs' motion under Fed. R. Civ. P. 15(a) is untimely.  At no time before judgment entered did the plaintiffs seek leave to amend in the form of a separate motion presenting the grounds for such a request.  *See* D.C.Colo.L.Civ.R 7.1.  Judgment entered on June 21, 2005, and the court has no authority at this stage to entertain a motion under Rule 15.

For the foregoing reasons, it is

ORDERED that the plaintiffs' motion for clarification of the court's order is denied.

Dated: August 1, 2005.

BY THE COURT:

/s/ Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge